UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| ANDRADE ANTONIO,<br><br>    Petitioner,<br><br>v.<br><br>ERIC HOLDER, U.S. Attorney General, JANET NAPOLITANO, Secretary of Homeland Security, JOHN MORTON, U.S. ICE Director for Minnesota, and JOEL L. BROTT, Sherburne County Sheriff or Warden, Center of Immigration Detention,<br><br>    Respondents. | Civil No. 12-1203 (MJD/TNL)<br><br>**REPORT<br>&<br>RECOMMENDATION** |

Petitioner, an inmate at the Sherburne County Jail in Elk River, Minnesota, commenced this action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Docket No. 1.) The matter has been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that this action be dismissed without prejudice.

Petitioner filed his habeas corpus petition on May 18, 2012, and the Court reviewed the petition pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts. The Court found that Petitioner is a removable alien claiming to be wrongly detained beyond the "presumptively reasonable" six-month period for completing removal, which is prescribed by the Supreme Court's decision in Zadvydas v. Davis, 533 U.S. 678 (2001). (Petition, [Docket No. 1], p. 7, ¶ 19.) It appeared to the Court, however, that Petitioner had not actually been detained for more than six months after his removal order became final, which, if true, would make him ineligible for relief under Zadvydas. Petitioner was therefore ordered to show cause why this case should not be summarily dismissed, without prejudice, for failure to plead an actionable claim

for relief.  (See Order dated June 1, 2012; [Docket No. 4].)  The order to show cause expressly informed Petitioner that he must file a response to the order by June 20, 2012, and if he failed to do so, he would be deemed to have abandoned this action, and it would be recommended that this case be summarily dismissed pursuant to Fed. R. Civ. P. 41(b).

The deadline for complying with the order to show cause has now expired, and Petitioner has not filed any response to the order.  Furthermore, Petitioner has offered no excuse for his failure to comply with the Court's prior order.  In fact, Petitioner has not communicated with the Court on this matter at all since he filed his original habeas corpus petition more than two months ago.

Therefore, it is now recommended, in accordance with the Court's prior order, that Petitioner be deemed to have abandoned this action, and that the action be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).  See Henderson v. Renaissance Grand Hotel, 267 Fed.Appx. 496, 497 (8th Cir. 2008) (unpublished opinion) ("[a] district court has discretion to dismiss an action under Rule 41(b) for a plaintiff's failure to prosecute, or to comply with the Federal Rules of Civil Procedure or any court order"); Link v. Wabash Railroad Co., 370 U.S. 626, 630-31 (1962) (federal court has inherent authority to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases").

Having determined that this action should be summarily dismissed due to abandonment, the Court will further recommend that Petitioner's pending application for leave to proceed in forma pauperis (Docket No. 2) and his pending motion for appointment of counsel (Docket No. 3) be summarily denied.

## RECOMMENDATION

Based upon the above, and upon all the records and proceedings herein,

**IT IS HEREBY RECOMMENDED that:**

1. Petitioner's application for leave to proceed in forma pauperis (Docket No. 2) be **DENIED**;

2. Petitioner's motion for appointment of counsel (Docket No. 3) be **DENIED**; and

3. This action be **DISMISSED WITHOUT PREJUDICE**.


Dated: August 3, 2012

                                                    s/ Tony N. Leung  
                                                  TONY N. LEUNG  
                                                  United States Magistrate Judge


Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court and by serving upon all parties written objections that specifically identify the portions of the Report to which objections are made and the basis of each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before **August 19, 2012**.